No. ___

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

————

**PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, et al.,**
Plaintiffs and Respondents,
v.

**CITY OF LOS ANGELES, et al.,**
Defendants and Petitioners

————————————————

Appeal from the United States District Court
for the Central District of California
Case No. 2:21-cv-06003-DOC-KES
Hon. David O. Carter

————————————————

# DEFENDANTS' PETITION FOR PERMISSION TO APPEAL ORDER GRANTING CERTIFICATION OF PLAINTIFFS' CLASS

————————————————

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SHAUN DABBY JACOBS, Supervising Asst. City Attorney (SBN 185073)
TIMOTHY MARTIN, Deputy City Attorney (SBN 300269)
200 North Spring Street, City Hall, Suite 1400, Los Angeles, CA 90012
(213) 905-5037 | timothy.martin@lacity.org

*Attorneys for Defendants and Petitioners*
CITY OF LOS ANGELES, BRIAN COOK, MONIQUE CONTRERAS,
AND DEREK JACOBS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................iii

INTRODUCTION.............................................................................. 1

JURISDICTIONAL STATEMENT ........................................... 3

QUESTIONS PRESENTED .................................................... 3

STATEMENT OF THE CASE ................................................. 4

    A.    The allegations of Plaintiffs' operative pleading. ................... 4

    B.    The district court denied Plaintiffs' motion to certify classes comprising all unhoused people in the City and Plaintiffs filed an amended motion........................................................ 6

    C.    The district court certified Plaintiffs' proposed injunctive and declaratory relief class under Rule 23(b)(2) and denied Plaintiffs' motion to certify the damages class under Rule 23(b)(3)................................................................................. 8

WHY REVIEW IS WARRANTED ........................................... 9

I.    Standards of review......................................................... 9

II.    The district court manifestly erred by certifying Plaintiffs' class because Plaintiffs produced no evidence and did not meet their burden to prove that the class met Rule 23's requirements for commonality, typicality, and numerosity. .................................... 10

    A.    The district court manifestly erred by finding that Plaintiffs proved commonality and typicality because Plaintiffs did not support their allegations with evidence. ............................ 122

B.    The district court manifestly erred by finding that Plaintiffs proved numerosity based solely on the number of *all* unhoused people in the City because their extrapolation from that number was impermissible speculation.............155

III.  The district court manifestly erred by finding commonality and typicality based on non-existent evidence or allegations that Defendants violated Plaintiffs' notice rights under LAMC § 56.11.
..................................................................................18

IV.  The district court manifestly erred by concluding that Plaintiffs proved commonality without rigorously analyzing whether questions of law or fact are "common to the class" and without analyzing the highly varied and fact-specific enforcement provisions of the ordinances.........................................200

V.  The district court manifestly erred by certifying the injunctive class because the damages Plaintiffs seek are not incidental and no single injunction could provide relief to each class member....26

CONCLUSION ........................................29

APPENDIX........................................30

CERTIFICATE OF COMPLIANCE........................................40

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. City of Portland*,
No. CIV. 08-1447-AA, 2011 WL 6130598 (D. Or. Dec. 7, 2011) .......... 24

*B.K. by next friend Tinsley v. Snyder*,
922 F.3d 957 (9th Cir. 2019) ...................................................... passim

*Bloom v. City of San Diego*,
2021 WL 8053533 (S.D.Cal. 2021) ...................................................... 27

*Chamberlan v. Ford Motor Co.*,
402 F.3d 952 (9th Cir. 2005) ................................................. 9, 10, 15, 18

*City of Grants Pass, Oregon v. Johnson*,
144 S. Ct. 2202 (2024) ...................................................................... 6, 7

*County of Sacramento v. Lewis*,
523 U.S. 833 (1998) .................................................................... 21, 26

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ............................................................ 27

*Matthews v. Eldridge*,
424 U.S. 319 (1976) ......................................................................... 21

*McCollum v. California Dep't of Corr. & Rehab.*,
647 F.3d 870 (9th Cir. 2011) ....................................................... 11, 13

*Microsoft Corp. v. Baker*,
137 S. Ct. 1702 (2017) ....................................................................... 3

*Miles v. Kirkland's Stores Inc.*,
89 F.4th 1217 (9th Cir. 2024) ........................................................... 18

*Morrisey v. Brewer*,
408 U.S. 471 (1972) ......................................................................... 26

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ..................................................... 11, 13, 15

*Olivier v. Baca*,
913 F.3d 852 (9th Cir. 2019) ....................................................... 11, 13

*Proctor v. District of Columbia*,
310 F.Supp.3d 107 (D.D.C. 2018) ..................................................... 17

*Schwartz v. Upper Deck Co.*,
  183 F.R.D. 672 (S.D. Cal. 1999)...................................................... 16, 18
*Surfvivor Media, Inc. v. Survivor,*
  *Prods.*, 406 F.3d 625 (9th Cir. 2005) ................................................. 18
*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)...................................................................... passim
*Willis v. City of Seattle*,
  943 F.3d 882 (9th Cir. 2019)....................................................... passim

**Statutes**

42 U.S.C. § 1983 ............................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 23............................................................... passim

Los Angeles Municipal Code § 56.11................................. passim

Los Angeles Municipal Code § 56.12................................. passim

# INTRODUCTION

The Court should permit Defendants to appeal the district court's order certifying an injunctive and declaratory relief class under Federal Rule of Civil Procedure 23(b)(2), because the district court manifestly erred when it found that Plaintiffs met Rule 23(a)'s numerosity, commonality, and typicality requirements and the additional requirements of Rule 23(b)(2).

Plaintiffs' lawsuit presents as-applied challenges to how the City of Los Angeles enforces ordinances regarding where the City may store an unhoused person's property confiscated during encampment clean-ups and other sweeps, under the Due Process Clause of the Fourteenth Amendment.

The district court erroneously certified a class of unhoused persons whose property the City confiscated pursuant to Los Angeles Municipal Code (LAMC) §§ 56.11 and/or 56.12, who need to travel unspecified "long distances" to retrieve the belongings, including those who have actually traveled long distances and those who "have not been able to travel those long distances and thereby have lost their belongings." LAMC § 56.11 authorizes the City to impound, discard, or

move improperly stored property in specified circumstances. Plaintiffs challenge how the City enforces LAMC § 56.11, alleging that when the City confiscates unhoused people's property, it takes the property to a single storage facility in Skid Row.

The district court manifestly erred by certifying an injunctive/declaratory relief class because the class does not present common questions of law and fact, the Rule 23(b)(1) and (b)(2) factors are not present, and Plaintiffs did not produce any evidence *at all* to prove Rule 23's requirements of commonality, typicality, and numerosity. The district court failed to rigorously analyze commonality—indeed, the district court's order barely mentioned the LAMC ordinances and failed to analyze whether their varied and fact-specific requirements preclude a finding that Plaintiffs' as-applied challenge turns on issues common to the class. This Court should grant the City's petition to appeal the manifestly erroneous class certification order.

## JURISDICTIONAL STATEMENT

Federal Rule of Civil Procedure 23(f) provides this Court "'unfettered discretion'" to review the district court's class certification order. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017). Defendants filed this petition within 14 days after the district court entered its order on July 31, 2024. Fed. R. Civ. P. 23(f).

## QUESTIONS PRESENTED

1.  Did the district court manifestly err by finding that Plaintiffs—without producing any evidence to support their class certification motion—met their burden to prove that their proposed class satisfied Federal Rule of Civil Procedure 23's commonality, typicality, and numerosity requirements by a preponderance of the evidence?

2.  Did the district court manifestly err by failing to rigorously analyze whether Plaintiffs' as-applied due process challenges to LAMC §§ 56.11 and 56.12—which contain highly varied and fact-specific enforcement provisions—depend on a common contention capable of class-wide resolution?

## STATEMENT OF THE CASE

**A.    The allegations of Plaintiffs' operative pleading.**

Plaintiffs' operative complaint is the third amended master complaint (TAMC) (erroneously titled "first" amended master complaint).[1]  (Doc. 324.)  Defendants do not concede the truth of these allegations.

Plaintiffs, D. Jacobs and E. Serin, are unhoused residents of Venice Beach and Playa Vista, respectively.  (Doc. 324, pp. 28-29, ¶¶ 28, 30.)  On October 21, 2021, Defendants LAPD Officers Monique Contreras and Derek Jacobs and a team of Sanitation workers confiscated Plaintiff Jacobs' property from the sidewalk and told him he could retrieve it at "the Bin," a facility in the Skid Row area of downtown Los Angeles, 17.4 miles from where Jacobs lived.  (Doc. 324, pp. 29-30, ¶¶ 31-32, p. 37, ¶ 125.)  Jacobs could not retrieve his property

---

[1]    The operative pleading is a master complaint because it covers four other actions consolidated with this case.  (Doc. 40, 324; Case No. 2:21-cv-06109, Doc. 1; Case No. 2:21-cv-07596, Doc. 1; Case No. 2:21-cv-08783, Doc. 14; Case No. 2:21-cv-09112, Doc. 18.)  It does not cover a fifth separate action that the district court subsequently consolidated with this case.  (Doc. 350; Case No. 2:24-cv-03894, Doc. 14.)  The fifth separate action is not at issue.

because he could not travel the approximately 35-mile round trip distance to and from the Bin. (Doc. 324, p. 37, ¶ 125.)

Serin lives 17.22 miles from the Bin. (Doc. 324, p. 29, ¶ 30.) LAPD officers and Sanitation workers have confiscated Serin's property on multiple occasions and taken it to the Bin. (Doc. 324, pp. 29-30, ¶¶ 30, 35.) Serin cannot travel the approximately 35-mile round trip distance to and from the Bin. (Doc. 324, p. 29, ¶ 30.)

Both Plaintiffs allege the City confiscated their property pursuant to LAMC §§ 56.11 and 56.12. (Doc. 324, pp. 36-37, ¶ 125.) The ordinances establish "Zones" in which the City conducts a "Health Hazard Removal" every Monday, Tuesday, Wednesday, and Friday and a "comprehensive cleaning" every Thursday, as stated on signs that the City posted throughout the Zones. (Doc. 324, p. 27, ¶ 27, p. 37, ¶ 125.) During health hazard removals, Sanitation workers backed up by LAPD officers confiscate unhoused people's property and take it to the Bin. (Doc. 324, p. 27, ¶ 27.) During cleanings, the workers confiscate any property that unhoused people "cannot pack within 15 minutes" and take it to the Bin. (Doc. 324, p. 37, ¶ 125.)

Plaintiffs' consolidated lawsuit alleged causes of action under 42 U.S.C. § 1983, alleging violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and derivative *Monell* claims.  (Doc. 131, 273, 324.)  After numerous motions to dismiss, the only remaining Defendants are the City and three LAPD officers, and the only surviving causes of action are violations of the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishments Clause of the Eighth Amendment.  (Doc. 333, 342.)  The Supreme Court's recent decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202, 2216–26 (2024), renders Plaintiffs' Eighth Amendment claim non-viable.  In addition to injunctive relief, the TAMC seeks at least $250,000 in compensatory damages (possibly per plaintiff), $1 million in punitive damages against each individual defendant, and attorney's fees.  (Doc. 324, p. 40.)

## B.  The district court denied Plaintiffs' motion to certify classes comprising all unhoused people in the City and Plaintiffs filed an amended motion.

Plaintiffs filed a motion for class certification, without any evidence in support, which proposed to certify two classes comprising all unhoused people in the City.  (Doc. 343, p. 15.)

The district court correctly denied the motion, finding that "Plaintiffs' proposed classes … fail on the commonality and typicality requirements." (Doc. 357, p. 5.)

Plaintiffs then filed an amended motion with a proposed order. (Doc. 358, 358-1.) Plaintiffs' motion and proposed order presented different class definitions at different points (as the district court acknowledged). (Doc. 358, pp. 6, 18; Doc. 358-1, pp. 13-14; Doc. 365, p. 4.) Plaintiffs again produced no declarations or other evidence to support the amended motion. (Doc. 358–365.)

Shortly after the Supreme Court held in *Grants Pass*, 144 S. Ct. at 2216–26, that the Eighth Amendment's Cruel and Unusual Punishments Clause does not prohibit a city's enforcement of public-camping laws against unhoused people, Plaintiffs filed a reply brief suggesting they intended to abandon their Eighth Amendment claims, stating that *Grants Pass* had "no bearing on the instant action or motion" because "plaintiffs' present claims are based not on the Eighth Amendment, but on Fourteenth Amendment, substantive due process grounds." (Doc. 361, p. 10.)

7

**C.    The district court certified Plaintiffs' proposed injunctive and declaratory relief class under Rule 23(b)(2) and denied Plaintiffs' motion to certify the damages class under Rule 23(b)(3).**

Plaintiffs' proposed order presented the following definition, which the district court erroneously certified as an injunctive and declaratory relief class under Rule 23(b)(2):

> All un-housed persons who reside in the City of Los Angeles and whose property and/or belongings have been subjected to and confiscated pursuant to City of Los Angeles ordinances §§ 56.11 and/or 56.12, and who have suffered the same injuries of having had their property and/or belongings taken, and who have been required to travel long distances across Los Angeles to retrieve their seized belongings, and who (A) have traveled long distances and retrieved their belongings, or (B) have not been able to travel those long distances and who thereby have lost their belongings.

(Doc. 358-1, pp. 13-14; Doc. 365, pp. 4, 8.)

On July 31, 2024, the district court partially granted and partially denied Plaintiffs' amended motion for class certification.  (Doc. 365.) The court appointed Jacobs and Serin as class representatives and Yagman & Reichman as class counsel.  (Doc. 365, p. 9.)

The district court correctly denied Plaintiffs' motion to certify a damages class under Rule 23(b)(3).  (Doc. 365, pp. 7-8.)  The court also denied Plaintiffs' motion to appoint former Plaintiffs C. Finley and D.

Lockett as class representatives, because the court previously dismissed their claims. (Doc. 365, p. 7.)

On August 2, 2024, Plaintiffs filed an opposed ex parte application to reconsider the district court's rulings denying certification of a damages class and denying appointment of Finley as a class representative. (Doc. 371, 373.) As of this petition's filing, the district court has not ruled on the application.[2]

## WHY REVIEW IS WARRANTED

### I. Standards of review.

Federal Rule of Civil Procedure 23(f) grants this Court "broad" discretion to permit an appeal from a class certification order. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 960 (9th Cir. 2005). "[W]e view interlocutory review as warranted when the district court's decision is manifestly erroneous—even absent a showing of another factor. We see no reason for a party to endure the costs of litigation when a certification decision is erroneous and inevitably will be

---

[2] Finley remains a plaintiff in a separate action that the district court consolidated with this action. (Doc. 350; Case No. 2:24-cv-03894, Doc. 14.)

overturned." *Id.* (also identifying two other non-exhaustive factors favoring permission to appeal). Manifest error means error "easily ascertainable from the petition itself." *Id.*

"We review a district court's class certification decision for abuse of discretion. An error of law is a per se abuse of discretion. Accordingly, we first review a class certification determination for legal error under a de novo standard, and if no legal error occurred, we will proceed to review the decision for abuse of discretion. A district court applying the correct legal standard abuses its discretion only if it (1) relies on an improper factor, (2) omits a substantial factor, or (3) commits a clear error of judgment in weighing the correct mix of factors." *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 965 (9th Cir. 2019).

## II. The district court manifestly erred by certifying Plaintiffs' class because Plaintiffs produced no evidence and did not meet their burden to prove that the class met Rule 23's requirements for commonality, typicality, and numerosity.

Federal Rule of Civil Procedure 23 permits class certification only if, among other requirements, "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; and (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiffs have the "burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) (en banc) (cleaned up).

Factual allegations in an unverified complaint or legal memorandum are not evidence. *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 883 (9th Cir. 2011); *Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019). Thus, "allegations alone are insufficient to meet [the plaintiff's] burden." *Snyder*, 922 F.3d at 974.

Here, the district court manifestly erred in concluding that Plaintiffs "demonstrated" that the proposed class satisfied Rule 23's requirements (Doc. 365, p. 4), because Plaintiffs failed to support their

11

class certification motion with even a single declaration or other evidence. But even if Plaintiffs' allegations satisfied the evidentiary standard, they do not demonstrate numerosity, and they affirmatively show that the class fails the commonality and typicality tests.

### A. The district court manifestly erred by finding that Plaintiffs proved commonality and typicality because Plaintiffs did not support their allegations with evidence.

"To meet [Rule 23(a)'s] second prong, commonality, a party must demonstrate that they and the proposed class members have suffered the same injury and have claims that depend on a common contention capable of class-wide resolution." *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Snyder*, 922 F.3d at 970.

Here, the district court found that Plaintiffs proved commonality and typicality because Plaintiffs purportedly *alleged* that they suffered injury from a Citywide policy or practice of violating LAMC § 56.11's notice requirements. (Doc. 365, p. 6.) But the district court cited only a

12

single paragraph of Plaintiffs' unverified TAMC and five pages of Plaintiffs' legal memoranda. (Doc. 365, p. 6.)

The district court manifestly erred by failing to hold Plaintiffs to their burden to *prove* facts supporting commonality and typicality. *Olean*, 31 F.4th at 665; *Snyder*, 922 F.3d at 974. The district court's citations to Plaintiffs' legal memoranda did not cure its legal error because the memoranda were not evidence. *McCollum*, 647 F.3d at 883; *Olivier*, 913 F.3d at 861. The memoranda merely asserted that commonality and typicality existed because Defendants treated the class members "badly" or "wrongfully" by confiscating their property. (Doc. 358, pp. 10-11; Doc. 361, pp. 14-16.)

The district court nevertheless found that Plaintiffs' allegations in one paragraph of the TAMC "establish[ed] a policy or practice affecting all members of the class for the purpose of class certification." (Doc. 365, p. 6.) By accepting the pleadings as proof satisfying Rule 23, the district court flouted the Supreme Court's instruction that "Rule 23 does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350; *see also Snyder*, 922 F.3d at 974.

13

Indeed, Plaintiffs' failure of proof regarding commonality was far more pronounced than in *Willis*, 943 F.3d 882. In that case, four unhoused people sued the City of Seattle, challenging its enforcement of administrative rules establishing "standard procedures for the removal of unauthorized encampments, camping equipment, and personal property left on city-owned property." *Id.* at 884. The plaintiffs moved to certify a class of thousands of unhoused people, arguing that Seattle and the State of Washington "engaged in an alleged [unconstitutional] policy and practice of 'sweeps' that destroyed property …." *Id.* The district court denied certification. *Id.*

The Ninth Circuit affirmed, concluding that the plaintiffs "failed to proffer *sufficient evidence* and articulate a practice that was common to the claims of the proposed class in their motion for class certification." *Willis*, 943 F.3d at 885 (italics added). The panel explained: "Although the record contains voluminous declarations, photographs, and videos in support of a broad description of 'sweeps,' [plaintiffs] notably do not point to a specific practice that applies uniformly to all class members. Despite the broad allegations in their complaint, there is no evidence that every [plaintiff] has experienced

14

the same challenged practice or suffered the same injury due to the implementation of [Seattle's administrative rules] or [Washington's] Guidelines." *Id.*

Here, the *non-existent* evidentiary record should have compelled a conclusion that Plaintiffs failed to meet their burden of proof of commonality and typicality, *Olean*, 31 F.4th at 665; *Snyder*, 922 F.3d at 974, because the district court erroneously applied Rule 23 as a "mere pleading standard." *Dukes*, 564 U.S. at 350. Thus, this Court should permit Defendants to appeal the district court's class certification order. *Chamberlan*, 402 F.3d at 959; *Snyder*, 922 F.3d at 965.

## B. The district court manifestly erred by finding that Plaintiffs proved numerosity based solely on the number of *all* unhoused people in the City because their extrapolation from that number was impermissible speculation.

To certify a class, Plaintiffs have the burden of proving that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs "must be prepared to prove that there are *in fact* sufficiently numerous parties ...." *Dukes*, 564 U.S. at 350; *Olean*, 31 F.4th at 665. "Plaintiffs must show some evidence of or reasonably estimate the number of class members. Mere speculation as to

15

satisfaction of this numerosity requirement does not satisfy Rule 23(a)(1)." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 681 (S.D. Cal. 1999).

Here, the district court manifestly erred by finding that Plaintiffs satisfied the numerosity requirement based solely on the fact that the City's *total* population of unhoused people numbered over 40,000. Plaintiffs alleged (without evidence) that 1,000 to 3,000 of those unhoused people met Plaintiffs' proposed class definition. (Doc. 365, p. 5, citing Doc. 358, pp. 5, 18.) The court stated: "While the proposed class no longer consists of all unhoused individuals . . . , the Court finds it reasonable to accept Plaintiffs' inference that at least a small percentage of that total number of unhoused individuals have been subject to the challenged ordinances." (Doc. 365, p. 5.)

Even assuming, arguendo, that Plaintiffs' total-population figure is correct (because the City and the media widely report these statistics), the district court manifestly erred by finding that the total population of unhoused people satisfied Plaintiffs' burden to prove the numerosity of the *proposed class*. The problem with the court's finding is that Plaintiffs' class definition required more than the City enforcing

16

the challenged ordinances against members—it also required members to have (1) needed to travel "long distances" to retrieve their property; and (2) either (a) retrieved the property by traveling the distances; or (b) lost the property because they could not travel the distances. (Doc. 365, p. 4.) Neither Plaintiffs nor the district court pointed to any evidence about the number of people who met these requirements. (Doc. 365, p. 5.) Instead, Plaintiffs simply identified the total number of unhoused people living in the City, without identifying how many people retrieved or did not retrieve their property, or where each group of people were located. Plaintiffs did not submit a shred of evidence regarding the number of unhoused people in the City that stay in locations that would be deemed "long distances" from the Bin in Skid Row.

It is not enough to say that thousands of people are unsheltered in the City. *See Proctor v. District of Columbia*, 310 F.Supp.3d 107, 117–18 (D.D.C. 2018) (plaintiffs failed to prove numerosity to certify a class of unhoused people subject to encampment and property sweeps pursuant to D.C. regulations because their raw Census data identified only the total unhoused population). Plaintiffs' estimate of 1,000 to

17

3,000 class members was unreasonable and "mere speculation [which] is not evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 634 (9th Cir. 2005); *see also Schwartz*, 183 F.R.D. at 681.

Since "a party cannot plead or speculate her way to class certification," *Miles v. Kirkland's Stores Inc.*, 89 F.4th 1217, 1222 (9th Cir. 2024), this Court should permit Defendants to appeal the district court's order. *Chamberlan*, 402 F.3d at 959, 962.

## III.     The district court manifestly erred by finding commonality and typicality based on non-existent evidence or allegations that Defendants violated Plaintiffs' notice rights under LAMC § 56.11.

The district court abused its discretion by basing its findings of commonality and typicality on its manifestly erroneous reading of Plaintiffs' TAMC as alleging that "in enforcing the ordinances against them, Defendants fail to follow notice procedures as required by the ordinances." (Doc. 365, p. 6, citing Doc. 324, p. 29, ¶ 30.) The district court cited only a single paragraph of the TAMC, which alleged that LAPD officers and Sanitation workers regularly confiscated Serin's property and that Serin could not retrieve his property from the Bin. (Doc. 324, p. 29, ¶ 30.) But Plaintiffs never alleged that Defendants

18

violated LAMC § 56.11's notice requirements in either that paragraph or any other paragraph in the TAMC. (Doc. 324.) Indeed, the district court previously dismissed Plaintiffs' Fourth Amendment claim from the TAMC with prejudice precisely because Plaintiffs did *not* allege insufficient notice. (Doc. 333, p. 8.)

The district court compounded its error by finding Plaintiffs' purported allegations sufficiently established a *Citywide* policy or practice. (Doc. 365 p. 6.) This finding contradicted the court's prior orders dismissing Plaintiffs' *Monell* claims with prejudice because the court correctly concluded that Plaintiffs alleged no Citywide policy other than *general* enforcement of LAMC §§ 56.11 and 56.12. (Doc. 319, p. 33; Doc. 333, p. 6.)

Moreover, Plaintiffs' anecdotal allegations do not prove a Citywide policy or practice. *Willis*, 943 F.3d at 885 ("Allegations of individual instances of mistreatment, without sufficient evidence, do not constitute a systemic deficiency or overarching policy of wrongdoing."). This is especially true because both Jacobs and Serin faced enforcement of LAMC § 56.11 in nearby regions of the City—Venice Beach and Playa Vista. (Doc. 324, pp. 28-29, ¶¶ 28, 30, pp. 36-37 ¶ 125.) Two people's

19

anecdotal experiences in nearby regions of the City cannot establish that employees *throughout* the City consistently violate LAMC § 56.11's notice requirements, as necessary to establish a policy or practice affecting all Citywide class members—including, for example, members residing as far north as Sylmar or as far south as San Pedro, serviced by different regional LAPD stations. *See Dukes*, 564 U.S. at 356–58 (plaintiffs' statistical and anecdotal evidence regarding Walmart's alleged discrimination against women in *some* states and regions did not establish a companywide policy, necessary to prove commonality).

**IV.    The district court manifestly erred by concluding that Plaintiffs proved commonality without rigorously analyzing whether questions of law or fact are "common to the class" and without analyzing the highly varied and fact-specific enforcement provisions of the ordinances.**

"Certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Dukes*, 564 U.S. at 350–51 (cleaned up). To meet Rule 23(a)(2)'s commonality requirement, plaintiffs "must demonstrate that they and the proposed class members have suffered the same injury and have claims that depend on a common contention capable of class-wide resolution," meaning that "determination of [the contention's] truth or

20

falsity will resolve an issue that is central to the validity of each one of the [class members'] claims in one stroke." *Willis*, 943 F.3d at 885.

The district court dismissed all but Plaintiffs' due process and Eighth Amendment claims, and since Plaintiffs' Eighth Amendment claim is not actionable, only their due process claim remains. (Doc. 333, p. 9; Doc. 361, p. 10.) Three factors determine whether governmental deprivation of property violated procedural due process: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). "The substantive component of the Due Process clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).

The district court failed to rigorously analyze whether Plaintiffs' as-applied due process challenges to LAMC §§ 56.11 and 56.12 depend on a common contention capable of class-wide resolution. Instead, the district court based its commonality finding on Plaintiffs' purported allegation that "Defendants fail to follow notice procedures as required by the ordinances." (Doc. 365, p. 6.) But Plaintiffs failed to prove commonality because the notice (if any) that LAMC § 56.11 requires depends on the individual circumstances under which the City takes the property.[3]

Starting with the two provisions of LAMC § 56.11 that Plaintiffs cite in the TAMC (Doc. 324, p. 37, ¶ 125): LAMC § 56.11(3)(c) forbids people from storing property in a manner that "obstruct[s] City operations, including a Street or Sidewalk maintenance or cleaning. Without prior notice, the City may temporarily move [such] Personal Property …." (Doc. 324, p. 20, ¶ 24.) Only if the City impounds that property must the City provide pre- and post-removal notice. (Doc. 324, p. 20, ¶ 24.)

---

[3] LAMC § 56.12 contains no independent enforcement or notice provisions. (Doc. 324, pp. 26-27, ¶ 24.)

Second, LAMC § 56.11(3)(g) forbids people from storing attended or unattended property if it "constitutes an immediate threat to the health or safety of the public. Without prior notice, the City may remove and may discard any [such] Personal Property …." (Doc. 324, p. 21, ¶ 24.) Thus, LAMC § 56.11(3)(g) does not require pre- or post-removal notice.

Other provisions of LAMC § 56.11 are similarly disparate. For example, under LAMC § 56.11(3)(a) and (b), the City may impound unattended property and attended excess property if it provides pre- and post-removal notice. (Doc. 324, p. 20, ¶ 24.) However, under LAMC § 56.11(3)(d), the City need provide only *post*-removal notice if it moves or impounds property that blocks a public area that people cannot pass through. (Doc. 324, pp. 20-21, ¶ 24.) Finally, the City need not provide *any* notice (pre- or post-removal) if it removes and discards property that is evidence of a crime or contraband under LAMC § 56.11(3)(h). (Doc. 324, p. 21, ¶ 24.)

These are but a few examples of the disparities in how LAMC § 56.11 operates in different circumstances. But the proposed class definition referred broadly to the taking of property under "§§ 56.11

23

and/or 56.12," without limiting the class to those who faced enforcement under subsections of LAMC § 56.11 that require post-removal notice or both pre- and post-removal notice. (Doc. 365, p. 4.) Thus, determining whether any individual class member was entitled to notice under LAMC § 56.11—and, if so, what notice sufficed—would require an individualized inquiry into the reasons why Defendants confiscated the member's property.

The district court failed to acknowledge these disparities among class members in concluding that Plaintiffs' allegation that "Defendants fail to follow notice procedures as required by the ordinances" sufficiently "establish[ed] a policy or practice affecting *all* members of the class for the purpose of class certification." (Doc. 365, p. 6, italics added.) The district court thus failed to rigorously analyze commonality as the law required. *See Willis*, 943 F.3d at 885–86 (plaintiffs failed to prove commonality of a proposed class of unhoused people whose property was confiscated under Seattle's administrative rules, despite alleging Seattle "fail[ed] to provide adequate notice," because the plaintiffs failed to proffer sufficient evidence of a specific practice that applied "uniformly to all proposed class members"); *Anderson v. City of*

24

*Portland*, No. CIV. 08-1447-AA, 2011 WL 6130598, at *6 (D. Or. Dec. 7, 2011) (plaintiffs failed to prove commonality of a proposed class of unhoused people whose property was confiscated under Portland's camping and temporary structure ordinances, in part because the plaintiffs did not "limit the proposed class … to those whose property was confiscated without warning or notice"). Simply suffering a violation of the same law does not establish commonality. *Dukes*, 564 U.S. at 350.

Additionally, Plaintiffs' class included only those unhoused people who needed to retrieve their property by traveling "long distances," a vague phrase without any independent meaning. (Doc. 365, p. 4.) Although the storage facility in Skid Row (the Bin) may be difficult for some unhoused people to reach, for others it may be convenient because they are staying nearby (e.g., members of Skid Row's large unhoused population), or because they have transportation, either public or private, that makes the Bin easily accessible.

Thus, common answers to common questions will not drive the litigation forward because to determine whether any individual class member suffered a due process violation, the district court will need to

25

individually inquire into each person's circumstances to determine whether pre- or post-deprivation notice was required and whether the person had to travel a long distance to retrieve their belongings. "[D]ue process is flexible and it calls for such procedural protections as the particular situation demands." *Morrisey v. Brewer,* 408 U.S. 471, 481 (1972); *see also Lewis*, 523 U.S. at 850 ("Our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience shocking."). Since a class-wide proceeding will not "generate common answers apt to drive the resolution of the litigation," the district court manifestly erred by certifying the class. *Dukes*, 564 U.S. at 350.

## V. The district court manifestly erred by certifying the injunctive class because the damages Plaintiffs seek are not incidental and no single injunction could provide relief to each class member.

"Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. … [I]t does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 564

26

U.S. at 360-361. "Class certification under Rule 23(b)(2) is appropriate only where the primary relief is declaratory or injunctive." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011); *Bloom v. City of San Diego*, 2021 WL 8053533 (S.D.Cal. 2021) (Rule 23(b)(2) requires that "monetary damages must be 'merely incidental to the primary claim' for injunctive relief.").

Here, the damages Plaintiffs seek are not incidental. Plaintiffs seek individualized damage awards, including economic and noneconomic damages, and attorney's fees. They also seek punitive damages against the individual defendants. Indeed, Plaintiffs may be seeking at least $250,000 per plaintiff and $1 million in punitive damages against each individual defendant. (Doc. 324, p. 40.) Because these sums are hardly incidental, the district manifestly erred by granting class certification.

Additionally, to prove entitlement for such sums and fashion an injunctive remedy would necessarily entail a trial regarding what happened to each individual class member. How and why did the City confiscate the person's property? What notice did the City provide? Did the person retrieve their property? Why or why not? Why is it a

27

hardship for the person to go to the Bin?  What property did the City

confiscate?  How much was it worth?  The trier of fact must answer all

these questions to determine damages and shape an injunctive remedy.

Because the court will not be able to fashion a single remedy or

injunctive relief that can uniformly apply to the entire class, the court

manifestly erred by certifying the class under Rule 23(b)(2).  *Dukes*,

564 U.S. at 360-361.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' petition to appeal the district court's class certification order.

Respectfully submitted,

Dated:  August 14, 2024

LOS ANGELES CITY ATTORNEY'S OFFICE

Hydee Feldstein Soto
Denise C. Mills
Kathleen A. Kenealy
Shaun Dabby Jacobs

s/ Timothy Martin

Timothy Martin
Attorneys for Defendants and Petitioners
City of Los Angeles, Brian Cook, Monique
Contreras, and Derek Jacobs

# APPENDIX

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:21-cv-06003-DOC-KES          Date:  July 31, 2024

Title: PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED V. ERIC
MICHAEL GARCETTI ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|   Karlen Dubon   |   Not Present   |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| :---: | :---: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART
PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION [358]**

Before the Court is Plaintiff D. Jacobs' Motion to Certify Class ("Motion" or "Mot.") (Dkt. 358). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Having reviewed the briefing submitted by the parties, the Court **GRANTS IN PART** Plaintiffs' Motion.

### I.      Background

The Court has discussed the facts at length in its Prior Order (Dkt. 319) and adopts those facts here. In brief, Plaintiffs are unhoused individuals challenging two Los Angeles City ordinances: § 56.11, which governs the storage of items in public, and §56.12, which governs the placement of items that obstruct the public-right-of-way.

The Court previously denied Plaintiffs' Motion to Certify Class without prejudice on June 11, 2024 on the grounds that Plaintiffs failed to establish typicality and

commonality, but granted Plaintiffs leave to file an amended motion. (Dkt. 357). Plaintiffs filed the instant Motion to Certify Class (Dkt. 358) on June 17, 2024. On June 24, 2024, City Defendants filed their Opposition (Dkt. 359). Plaintiffs submitted their Reply (Dkt. 361) on July 1, 2024.

## II.    Legal Standard

Courts may certify a class action only if it satisfies all four requirements identified in Federal Rule of Civil Procedure 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Rule 23(a) requires the moving party to show the following:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the
    claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests
    of the class.

*See* Fed. R. Civ. P. 23(a). These requirements are often referred to as "numerosity," "commonality," "typicality," and "adequacy." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010).

In addition to the four prerequisites under Rule 23(a), the moving party must also demonstrate that at least one of the requirements of Rule 23(b) is satisfied. Fed. R. Civ. P. 23(b). Here, Plaintiffs move for certification under all three Rule 23(b) categories. Plaintiffs seek certification for a damages class under Rule 23(b)(3) and for an injunctive relief class under either Rule 23(b)(1) or Rule 23(b)(2). Mot. at 12.

A class action may be maintained under Rule 23(b)(1) if "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1). It may be maintained under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Finally, it may be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The decision to grant or deny a motion for class certification is committed to the trial court's broad discretion. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). However, "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A party seeking class certification must affirmatively demonstrate compliance with Rule 23—that is, the party "must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.*

In resolving a class certification motion, it is inevitable that the trial court will touch on the merits of the movant's claims or defenses. *See Wal-Mart*, 564 U.S. at 351 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action"). But "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). Accordingly, any consideration of the merits must be limited to those issues necessary to deciding whether to certify the class. *Id.* ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). "[W]hether class members could actually prevail on the merits of their claims is not a proper inquiry in determining the preliminary question of whether common questions exist." *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1112 (9th Cir. 2014) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011)).

A court that certifies a class generally must also appoint class counsel. Fed. R. Civ. P. 23(g)(1). Class counsel have a duty to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). When deciding whether class counsel is adequate to carry out this duty, courts must consider four factors:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Courts may also consider any other information relevant to "counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### III.     Discussion

Plaintiffs asks the Court to certify the following Class:

> "All un-housed persons who reside in the City of Los Angeles and whose property and/or belongings have been subjected to and confiscated pursuant to City of Los Angeles ordinances §§ 56.11 and/or 56.12, and who have suffered the same injuries of having had their property and/or belongings taken, and who have been required to travel long distances across Los Angeles to retrieve their seized belongings, and who (A) have traveled long distances and retrieved their belongings, or (B) have not been able to travel those long distances and who thereby have lost their belongings."

Mot. at 15.[1]

Plaintiffs seek to appoint Plaintiffs C. Finley, W. Lockett, D. Jacobs, and E. Serin as the named plaintiffs challenging the ordinances. Mot. at 6. As explained below, Plaintiffs have demonstrated that certification of the Class is proper, although the Court makes some modifications to Plaintiffs' request.

### A.     The Proposed Class is Sufficiently Numerous
####     1.     Legal Standard

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no bright-line numerical cutoff, and other factors can be taken into consideration, courts generally find that numerosity obtains when a class has forty or more members and fails when there are twenty-one or fewer members. *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Courts may find that a class is numerous without knowing its exact size or membership, *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 569 (C.D. Cal. 2008) (citing *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993)), and courts "may make common sense assumptions to support a finding that joinder would be impracticable," *Californians for Disability Rights*, 249 F.R.D. at 347 (citing 1 Newberg on Class Actions, § 3:3).

####     2.     Discussion

The Court finds that the proposed Class is sufficiently numerous. Plaintiffs estimate that the class consists of 1,000 to 3,000 individuals who have been subject to enforcement under the challenged ordinances. Mot. at 15. Plaintiffs argue that they have

---

[1] Plaintiffs present slightly varied class definitions at different points in their motion. As this definition is the one Plaintiffs present in their Proposed Order, Dkt. 358-1, this definition is what the Court will use to address Plaintiffs' request for class certification.

met the burden to establish numerosity as to the classes they propose, as the statistics they include show tens of thousands of unhoused individuals reside in Los Angeles. Mot. at 3. While the proposed class no longer consists of all unhoused individuals in Los Angeles, the Court finds it reasonable to accept Plaintiffs' inference that at least a small percentage of that total number of unhoused individuals have been subject to the challenged ordinances. The statistics that Plaintiffs provide on the number of unhoused individuals in Los Angeles are sufficient to establish that the proposed class is numerous, and that joinder would be impracticable. The Court accordingly finds that the numerosity requirement is satisfied. Plaintiffs, however, do not present any specific numbers as to their proposed subclasses, so the Court will only address the proposed Class.

**B.      The Proposed Classes Present Common Questions of Law and Fact and Plaintiffs' Claims Are Typical of the Proposed Class**

**1.      Legal Standard**

Rule 23(a)(2) requires courts to perform a "rigorous analysis" to determine whether "there are questions of law or fact common to the class." *See Wal-Mart*, 564 U.S. at 350-51. Commonality obtains when the class members' claims "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. Put differently: "What matters to class certification . . . is not the raising of common 'questions' . . . but, rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (first omission in original) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)).

The moving party need not show, however, that "every question in the case, or even a preponderance of questions, is capable of classwide resolution. So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." *Wang v. Chinese Daily News*, 737 F.3d 538 (9th Cir. 2013) (quoting *Wal-Mart*, 564 U.S. at 359).

As to typicality, a class representative's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement ensures "that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The typicality inquiry turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Representative claims must be "reasonably co-extensive with those of absent class members," but "need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

### 2.   Discussion

Here, the proposed Class satisfies the commonality and typicality requirements. As the Court understands Plaintiffs' briefing, Plaintiffs assert that all class members have been subject to enforcement under the challenged ordinances and that Defendants' manner of enforcement of those ordinances is unconstitutional. *See* Mot. at 6-8. Plaintiffs therefore challenge a policy and practice carried out by Defendants.

Defendants argue in opposition that Plaintiffs have not met their burden to establish commonality because Plaintiffs' "claims turn on the enforcement of municipal ordinances against unhoused individuals, and the constitutionality of that enforcement depends on the manner of the particular enforcement and the circumstances of the particular individual." Opp'n at 12. Plaintiffs assert, however, that the claims of absent class members are identical to those of the named Plaintiffs. Mot. at 7-8. Plaintiffs allege that in enforcing the ordinances against them, Defendants fail to follow notice procedures as required by the ordinances. Dkt. 324 ¶ 30. This is sufficient to establish a policy or practice affecting all members of the class for the purpose of class certification. "[P]olicies and practices are the "glue" that holds together the putative class and the putative subclass; either each of the policies and practices is unlawful as to every [class member] or it is not." *Parsons v. Ryan*, 754 F.3d 657, 658 (9th Cir. 2014).

Contrary to Defendants' contentions, whether Defendants have a policy and practice of enforcing the challenged ordinances in an unconstitutional manner is a question that can "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores*, 564 U.S. at 350. Furthermore, "individual factual differences among the individual litigants or groups of litigants" do "not preclude a finding of commonality." *See Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

As Plaintiffs have demonstrated the existence of questions capable of classwide resolution and Defendants' objections are unavailing, the Rule 23(a)(2) commonality requirement is satisfied.

As to typicality, for the same reasons discussed in the context of commonality, Plaintiffs have adequately demonstrated that they share a common injury with members of the Class. Plaintiffs allege that, like the named Plaintiffs, each class members' property was confiscated in an unconstitutional manner. Mot. at 7-8; Reply at 12-13. Defendants again point to individual factual differences between plaintiffs, Opp'n at 13-14, but these relatively minor individual differences similarly do not preclude a finding of typicality. The Court finds that the Rule 23(a)(3) typicality requirement is satisfied.

### C.   Plaintiffs and Plaintiffs' Counsel Will Fairly and Adequately Represent the Proposed Class

Plaintiffs argues that the proposed class representatives and their counsel adequately represent the proposed classes as their representation would not be compromised by any conflicts of interest and they will vigorously prosecute the action on behalf of the class. Mot. at 13-14. Defendants do not challenge the adequacy prong. *See generally* Opp'n.

### 1.   Legal Standard

Representative parties must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In the Ninth Circuit, this inquiry requires a court to answer two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon*, 150 F.3d at 1020).

### 2.   Discussion

Courts in this district, and many others, have found that a failure to address an argument in opposition briefing constitutes a concession of that argument. *See, e.g.*, *Johnson v. Macy*, 145 F. Supp. 3d 907, 918 (C.D. Cal. 2015) (citing *Tatum v. Schwartz*, No. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007), for the proposition that the plaintiff "tacitly concedes this claim by failing to address defendants' argument in her opposition"); *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."). The Court thus finds that Defendants have conceded that Plaintiffs' named plaintiffs' and counsel would adequately represent the proposed class.

In its own analysis, moreover, the Court agrees that Plaintiffs' named representatives and counsel would be fair and adequate representatives. None of the named plaintiffs or proposed class counsel appear to have any conflict of interest. The Court also finds that Plaintiffs' counsel will vigorously prosecute this case. The Court therefore finds that the adequacy requirement of Rule 23(a)(4) is satisfied as to Plaintiffs' proposed representatives and counsel. The Court, however, notes that Plaintiffs Finley and Lockett's claims were dismissed from this suit. Accordingly, only Plaintiffs Jacobs and Serin are approved as class representatives.

### D.   The Proposed Class Does Meet the Requirements of Rule 23(b)(3)

Plaintiffs seek certification of "a damages class under Rule 23(b)(3)." Mot. at 11. Under this rule, class certification is appropriate if common questions of law or fact "predominate over any questions affecting only individual members," and if a class action offers a superior method of resolving the dispute. Fed. R. Civ. P. 23(b)(3). The party seeking class certification bears the burden of showing that these requirements are met. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). Plaintiffs must also demonstrate that "damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). This requires plaintiffs to present a damages model consistent with their theory of liability. *Id.* at 35.

While "[c]alculations need not be exact," the model must measure only those damages attributable to plaintiffs' theory of liability. *Id.*

Plaintiffs argue that they have met these requirements because the injuries of Class members are "virtually identical." Mot. at 13. Defendants argue that Plaintiffs fail to show both predominance and superiority. Opp'n at 14-16. The Court agrees with Defendants that Plaintiffs have failed to establish predominance.

Plaintiffs do not establish that they meet the predominance requirement, as they do not articulate how their injuries could be measured on a classwide basis. *See Mot.* at 14-16. Where, as here, the damages Plaintiffs assert relate to the loss of their personal property, the Court cannot simply assume that each individual's damages are identical. As Plaintiffs provide no damages model, the Court cannot reasonably assess whether damages are capable of measurement on a classwide basis. Therefore, Plaintiffs have failed to meet the requirements to certify a damages class under Rule 23(b)(3).

### E.    The Proposed Class Meets the Requirements of Rule 23(b)(2)

Plaintiffs seek certification of an injunctive relief class under either Rule 23(b)(1) or Rule 23(b)(2), but only present argument on the requirements of Rule 23(b)(2). The Court therefore only addresses whether Plaintiffs have met the Requirements of Rule 23(b)(2).

#### 1.    Legal Standard

As noted above, a class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Certification under Rule 23(b)(2) is only appropriate "when a single injunction or declaratory judgment would provide relief to each member of the class," and should not be granted if "each individual class member would be entitled to a *different* injunction or declaratory judgment." *Wal-Mart*, 564 U.S. at 360.

#### 2.    Discussion

As discussed throughout this Order, Plaintiffs seek classwide resolution of Defendants' alleged policy of unconstitutional enforcement of the challenged ordinances. Rule 23(b)(2) is "unquestionably satisfied" where "members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 971 (9th Cir. 2019). Here, the policies and practices that Plaintiffs identify are Defendants' alleged unconstitutional enforcement of ordinances that result in deprivation of their property that they either lose for good or must travel long distances to retrieve. Because injunctive and declaratory relief could be awarded on a unified, classwide basis, the proposed Class be certified under Rule 23(b)(2) as to these remedies.

**F.     Plaintiffs' Counsel Meets the Standard for Appointment Under Rule 23(g)**

Having now found that class certification is warranted, the Court must also appoint class counsel. *See* Fed. R. Civ. P. 23(g)(1). The Court finds Plaintiffs' counsel qualified to fulfill the duty of class counsel to "fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(4).

Defendants do not oppose the appointment of Plaintiffs' counsel as class counsel, *see generally* Opp'n, and as such have conceded that Plaintiffs' counsel is adequate under Rule 23(g), *see, e.g.*, *Day*, 191 F. Supp. 2d at 159. The Court agrees that Plaintiffs' counsel is qualified to serve as class counsel under Rule 23(g), as Yagman and Reichmann LLP has demonstrated the ability, resources, and motivation to vigorously pursue the current case on behalf of the Class.

## IV.   Disposition

For the reasons set forth above, the Court GRANTS IN PART Plaintiffs' Motion to Certify Class. The Court CERTIFIES the Class to pursue class claims under Rule 23(b)(2), APPOINTS Plaintiffs Jacobs and Serin as Class Representatives for the Proposed Class, and APPOINTS Yagman and Reichmann LLP as Class Counsel for the Proposed Class. The Court DENIES Plaintiffs' motion for certification as a damages class under Rule 23(b)(3).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                    Initials of Deputy Clerk: kdu
CIVIL-GEN

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 5(c)(1) and

32(g), I certify that this DEFENDANTS' PETITION FOR

PERMISSION TO APPEAL ORDER GRANTING CERTIFICATION OF

PLAINTIFFS' CLASS contains 5,192 words, excluding the items

identified in Federal Rule of Appellate Procedure 32(f).


                s/ Timothy Martin
                Timothy Martin

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)**

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

DEFENDANTS' PETITION FOR PERMISSION TO APPEAL ORDER GRANTING CERTIFICATION OF PLAINTIFFS' CLASS

**Signature** | s/Timothy Martin | **Date** | Aug 14, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 15            *Rev. 12/01/2018*